# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2012

No. 11-51118
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEXANDER HERRERA-ITZEP,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1618-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alexander Herrera-Itzep appeals the 55-month within-guidelines sentence he received following his guilty plea to illegal reentry into the United States after deportation. Herrera-Itzep argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the guidelines sentencing range was too severe because the district court (1) gave too much weight to a previous conviction for aggravated assault with intent to commit rape, (2) did not consider the mitigating

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumstances surrounding the aggravated assault conviction, and (3) did not consider his benign motive for illegally reentering the country. He further contends that his sentence is not entitled to a presumption of reasonableness because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not empirically based.

Generally, we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). First, we consider whether the district court committed a significant procedural error. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). If there is no error or the error is harmless, we review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 753 (5th Cir. 2009). However, because Herrera-Itzep did not raise his substantive reasonableness argument in the district court, we review for plain error only. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

When reviewing the reasonableness of a sentence within a properly calculated guidelines range, we generally will infer that the district court considered the sentencing factors set forth in the Sentencing Guidelines and § 3353(a). *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The record reflects that the district court expressly considered the relevant § 3553(a) factors as well as Herrera-Itzep's arguments for mitigating his sentence but expressly overruled his arguments and concluded that a within-guidelines sentence was "appropriate" considering the circumstances of the case. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Accordingly, we decline Herrera-Itzep's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

As he concedes, Herrera-Itzep's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th

No. 11-51118

Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67 n.7. Furthermore, Herrera-Itzep's sentence, which is near the top of the guidelines range, is presumed reasonable. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors are insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Herrera-Itzep has not demonstrated that the district court plainly erred by sentencing him to a within-guidelines 55-month prison term. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 392. Accordingly, the judgment of the district court is AFFIRMED.